IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**PAMELA RHODES,**

        Plaintiff,

v.                                                     **Civil Action No: 1:19-CV-214**
                                                        **(JUDGE KLEEH)**

**JOHN WYATT,**
**Kingwood Detachment State Police,**

        Defendant.

## REPORT AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION TO PROCEED *In Forma Pauperis* BE DENIED AND THIS ACTION BE DISMISSED

This matter comes before the undersigned pursuant to a Referral Order entered by Honorable United States District Judge Thomas S. Kleeh on December 4, 2019 (ECF No. 4). Plaintiff, proceeding *pro se*, filed a Complaint (ECF No. 1) against Defendant John Wyatt of the Kingwood Detachment State Police on December 4, 2019 along with a Motion (ECF No. 2) for Leave to Proceed *in forma pauperis*, without prepayment of fees under Title 28, United States Code § 1915.

As a preliminary matter, the Court must conduct a frivolity review of Plaintiff's Complaint (ECF No. 1) pursuant to Title 28, United States Code, § 1915(e)(2)(B) when assessing whether to grant a Plaintiff's Motion for Leave to Proceed *in forma pauperis,* without prepayment of fees. Accordingly, for the reasons stated herein, the undersigned **RECOMMENDS** Plaintiff's Motion (ECF No. 2) for Leave to Proceed *in forma pauperis* be **DENIED** and Plaintiff's Complaint (ECF No. 1) be **DISMISSED** because Plaintiff's Complaint (ECF No. 1) fails to state a claim over which this Court has subject matter jurisdiction.

## I.    STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss the complaint if it is frivolous or malicious, fails to state claim upon which relief may be granted, or seeks money damages from a defendant immune from such recover. 28 U.S.C. § 1915(e)(2)(B)(i-iii); see Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims"). A case is frivolous if it lacks an arguable basis in either law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Neitzke, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id. at 327-28.

In determining whether a complaint is frivolous, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the Plaintiff's allegations." Denton v. Hernandez, 504 U.S. 25, 32 (1992). Rather, the court may find a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Id. "The word 'frivolous' is inherently elastic and not susceptible to categorical definition . . . The term's capriciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing on the frivolity of a claim." Nagy v. Fed. Med. Ctr. Butner, 376 F.3d 252 256-57 (4th Cir. 2004) (some internal quotation marks omitted). In making its

frivolity determination, the court may "apply common sense." Nasim v. Warden., Md. House of Correction, 64 F.3d 951, 954 (4th Cir. 1995).

Alternatively, in order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the Plaintiff must allege more than labels and conclusions. Id.

Here, Plaintiff is proceeding *pro se* and pleadings filed by a *pro se* litigant are afforded a less stringent standard than those drafted by an attorney. *See* Haines v. Kerner, 404 U.S. 519, 520 (1972). The court must liberally construe a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See* Id.; Estelle v. Gamble, 429 U.S. 97, 106 (1976); Noble v. Barnett, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring liberal construction of *pro se* complaints are not without limits; the district courts are not required to "conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. ANALYSIS

Plaintiff's allegations stem from an Order entered by the Circuit Court of Preston County, West Virginia, that ordered the West Virginia State Police and the Preston County Sheriff's Department to return "all computers seized from Defendant, her residence, or those seized pursuant to their investigation of Defendant for the charge of 'Threat of Terrorist Act'". (ECF No. 1-1 at 1). The Circuit Court of Preston County, West Virginia ordered that Plaintiff's property be returned

3

within five days to her counsel, "Hilary M. Bright." Id. The Order was entered on August 5, 2019. Id.

Plaintiff alleges that she did "not get property back on August 10" and this caused her to be "very upset" leading to a "heart attack" three days later. (ECF No. 1 at 1). It appears from the "West Virginia State Police Property Disposition Report" that Plaintiff's property was released to her Counsel on November 12, 2019. (ECF No. 1-1 at 2). Plaintiff's "Civil Cover Sheet" alleges her action in this matter is "Other Personal Injury." (ECF No. 1-2 at 1). Plaintiff requests damages in the amount of $250,000.00. (ECF No. 1 at 1).

Federal courts have limited subject matter jurisdiction and "there is no presumption that the court has jurisdiction." Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999). Th district court has (1) federal question jurisdiction over "all civil actions arising under the Constitution, law, or treaties of the United States," 28 U.S.C. § 1331, and (2) diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ," 28 U.S.C. § 1332 (a)(1). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." Pinkley, Inc., 191 F.3d at 399; New River Lumber Co. v. Graff, 889 F.2d 1084 (4th Cir. 1989) ("To establish Section 1332 jurisdiction, a moving party must affirmatively allege . . . the essential elements of diversity on the face of his complaint.").

Here, Plaintiff has failed to plead any allegations that may be construed to assert any claim against the Defendant arising under a federal question. Therefore, Plaintiff has failed to state a federal claim over which this court could exercise jurisdiction under 28 U.S.C. § 1331. Plaintiff has further failed to allege any facts that would establish diversity jurisdiction under 28 U.S.C. § 1332. "In order for the court to have diversity jurisdiction under 28 U.S.C. § 1332, the matter in

controversy must exceed the sum or value of $75,000 and the action must be between 'citizens of different States.'" Rose Acre Farms, Inc. v. N.C. Dep't of Env't & Nat. Res., 131 F. Supp. 3d 496, 500-01 (E.D.N.C. 2015) (quoting 28 U.S.C. § 1332(a)(1)), *appeal dismissed*, No. 15-2003 (4th Cir. Sept. 17, 2015). Plaintiff's complaint shows that she and the Defendant are both citizens of the same State, West Virginia. Plaintiff's address is listed in Tunnelton, W.V. while Defendant's address is in Kingwood, W.V. (ECF No. 1 at 1). Although Plaintiff pleads an amount in controversy greater than $75,000, she has failed to establish diversity of citizenship and, therefore, does not meet the requirements for diversity jurisdiction under 28 U.S.C. § 1332.

### III.     RECOMMENDATION

Accordingly, for the reasons stated herein, the undersigned **RECOMMENDS** that Plaintiff's Complaint be dismissed for failure to state a claim over which the court has jurisdiction and Plaintiff's Motion (ECF No. 2) for Leave to Proceed *in forma pauperis*, without prepayment of fees under Title 28, United States Code § 1915 be **DENIED**.

Any party shall, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Thomas Kleeh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir.

1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Court directs the Clerk of the Court to provide a copy of this Order to any parties who appear *pro se* and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED**: January 24, 2020

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE